UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Richard Husel, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:15-cv-0182-GMN-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| Unite Here Bartenders Union Local 165, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 16), filed by Defendant Unite Here Bartenders Union Local 165 ("Unite Here"). Plaintiff Richard Husel ("Plaintiff") filed a response in opposition, (ECF No. 19), and Unite Here replied, (ECF No. 24). For the reasons set forth herein, the Court will grant the Motion in part and remand this action to Clark County District Court.[1]

## I.  BACKGROUND

This case centers upon allegations that Unite Here breached an employment agreement with Plaintiff. (Compl., ECF No. 1-1). Specifically, Plaintiff alleges that he and Unite Here entered into an oral agreement in October 2012 in which Plaintiff was hired as a lead instructor for Unite Here's bartending apprenticeship classes. (*Id.* ¶ 9-12). Plaintiff alleges that despite being a union member and performing his job in a satisfactory manner, he was terminated by Unite Here on August 8, 2014, and was denied the benefits of union membership. (*Id.* ¶¶ 18, 24-28).

Based on these allegations, the Complaint sets forth claims for: (1) breach of contract;

---

[1] Plaintiff also filed a Motion for Leave to File a Supplemental Response. (ECF No. 28). The Court has reviewed the Proposed Supplemental Response, (ECF No. 32), and determined that its contents would not alter the instant disposition. Accordingly, Plaintiff's Motion for Leave will be denied as moot.

1  (2) breach of the covenant of good faith and fair dealing; (3) intentional misrepresentation; (4)
2  unjust enrichment; (5) breach of fiduciary duty; and (6) breach of the duty of fair
3  representation. (*Id.* ¶¶ 38-92).
4      In the instant Motion, Unite Here argues that the Court should enter summary judgment
5  as to all of Plaintiff's claims.
6  **II.**    **LEGAL STANDARD**
7      The Federal Rules of Civil Procedure provide for summary adjudication when the
8  pleadings, depositions, answers to interrogatories, and admissions on file, together with the
9  affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant
10 is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that
11 may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
12 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable
13 jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if
14 reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict
15 in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th
16 Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999)).  A
17 principal purpose of summary judgment is "to isolate and dispose of factually unsupported
18 claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
19     In determining summary judgment, a court applies a burden-shifting analysis.  "When
20 the party moving for summary judgment would bear the burden of proof at trial, it must come
21 forward with evidence which would entitle it to a directed verdict if the evidence went
22 uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing
23 the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp.*
24 *Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In
25 contrast, when the nonmoving party bears the burden of proving the claim or defense, the

moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

///

///

## III. DISCUSSION

With the exception of Plaintiff's claim for breach of the duty of fair representation, which arises under 29 U.S.C. § 185(a), each of Plaintiff's claims arises under Nevada state law. Accordingly, the Court will first address the fair representation claim and will then discuss the disposition of Plaintiff's remaining claims for relief.

### A. Fair Representation Claim

Unite Here argues that it is entitled to summary judgment as to Plaintiff's fair representation claim because Plaintiff was not a member of a unit represented for the purposes of collective bargaining. Indeed, it is well established that a claim under § 185(a) may exist only where an individual is a member of a collective bargaining unit, not, as here, where an individual is merely an employee of a union. *Korzen v. Local Union 705, Int'l Bhd. of Teamsters*, 75 F.3d 285, 288 (7th Cir. 1996) ("A simple employment contract is not within the scope of [§ 185], even when the employer is a union."); *Kunz v. United Food & Commercial Workers*, 5 F.3d 1006, 1009 (6th Cir. 1993) ("[The plaintiff's] claim contemplates an adversarial relationship between the union and the employer that did not and could not have existed in the instant case. [The union] had no duty to represent [the plaintiff] against her employer because [the union] itself was her employer."); *see also Padilla-Gonzalez v. Local 1575*, 635 F. Supp. 2d 105, 111 (D.P.R. 2009) ("[The plaintiff's] claims do not concern his union membership rights, but rather his status as an employee. Therefore, the court finds that [the plaintiff's] claims arise from an individual employment contract which does not fall under federal jurisdiction pursuant to section 301(a).").

In the instant case, Plaintiff provides no evidence showing that he was a member of a collective bargaining unit, and only argues that he "believed" he would be protected by a collective bargaining agreement as part of his employment and membership with the union. (Pl.'s Supp. Reply 16: 8-22, ECF No. 32). Accordingly, as Plaintiff has failed to provide

evidence demonstrating he was actually a member of a unit represented for the purposes of collective bargaining, the Court finds that Unite Here is entitled to summary judgment as to the fair representation claim.

### B. State Law Claims

Pursuant to 28 U.S.C. § 1367, federal district courts have supplemental jurisdiction over civil claims that are so related to a case's original jurisdiction claims that they form part of the same case or controversy. However, a court may decline to exercise supplemental jurisdiction over claims arising under state law if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). A court's decision to decline jurisdiction is discretionary, but is usually informed by considerations of "economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). The Supreme Court has recognized that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 364 n.7 (1988).

Because summary judgment is warranted as to Plaintiff's sole federal claim and a trial date has not been set in this case, the Court finds that the considerations of economy, convenience, fairness, and comity weigh in favor of declining jurisdiction over Plaintiff's remaining claims. Accordingly, this case will be remanded to Clark County District Court.

### IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Unite Here's Motion for Summary Judgment, (ECF No. 16), is **GRANTED in part**, pursuant to the foregoing.

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** in favor of Unite Here as to Plaintiff's claim for breach of the duty of fair representation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Supplemental Response, (ECF No. 28), is **DENIED as moot**.

1    **IT IS FURTHER ORDERED** that this action is **REMANDED** to Clark County

2  District Court.  The Clerk is instructed to close the case.

3

4    **DATED** this ___15___ day of March 2016.

5

6                                                          _____
7                                                          Gloria M. Navarro, Chief Judge
                                                           United States District Court
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25